Richard Kwun, Bar #249134
LEGAL HELPERS, P.C.
428 J Street, Suite 280
Sacramento, CA 95814
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email: rkw@legalhelpers.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | |
|---|---|
| Matthew Salas<br>2024 Cobblestone<br>Modesto, CA 95355<br><br>          Plaintiff,<br><br>v.<br><br>Mann Bracken, LLP<br>c/o The Corporation Trust Incorporated,<br>Registered Agent<br>300 E Lombard St<br>Baltimore, MD 21202<br><br>          Defendant. | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1.  Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3.  Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

Complaint - 1

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around January 15, 2009, Defendant sent Plaintiff a collection letter regarding a debt owed to GE Money bank ("Debt I").

8. In this letter, Defendant notified Plaintiff of Plaintiff's right to dispute the validity of the Debt I pursuant to 15 U.S.C. 1692g.

9. On or around January 22, 2009, Defendant sent Plaintiff a collection letter regarding a debt owed to Capital One Bank ("Debt II").

10. In this letter, Defendant notified Plaintiff of Plaintiff's right to dispute the validity of the Debt I pursuant to 15 U.S.C. 1692g.

11. On or around February 16, 2009, Plaintiff sent Defendant a certified letter disputing Debt I and requesting verification of Debt I.

12. On or around February 16, 2009, Plaintiff sent Defendant a certified letter disputing Debt II and requesting verification of Debt II.

13. On or around February 23, 2009, Defendant received Plaintiff's letter regarding Debt I.

14. On or around February 23, 2009, Defendant received Plaintiff's letter regarding Debt II.

15. Despite receiving Plaintiff's letter, Defendant communicated with Plaintiff several times thereafter regarding Debt I.

16. Prior to making these communications, Defendant never provided the verification requested.

17. Despite receiving Plaintiff's letter, Defendant communicated with Plaintiff several times thereafter regarding Debt II.

18. Prior to making these communications, Defendant never provided the verification requested.

19. On or around March 5, 2009, Defendant sent Plaintiff a letter regarding Debt II.

20. During this communication, Defendant falsely represented that Defendant would sue Plaintiff if Plaintiff did not pay the full balance of Plaintiff's debt within ten days.

21. At the time of this communication, Defendant did not intend to sue Plaintiff.

22. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiff's written request.

## COUNT SIX

**Violation of the Rosenthal Fair Debt Collection Practices Act**

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. In falsely representing to Plaintiff the non-payment of the debt may result in legal action against Plaintiff, Defendant violated California Civil Code §§ 1788.10(e).

## COUNT SEVEN

**Violation of the Rosenthal Fair Debt Collection Practices Act**

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. In falsely representing that a legal proceeding has been, or is about to be, or will be instituted against Plaintiff unless payment of the debt was made, Defendant violated California Civil Code §§ 1788.13(j).

## JURY DEMAND

38. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

39. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

   c. For such other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

LEGAL HELPERS, P.C.

By: */s/ Richard Kwun*
Richard Kwun, Bar #249134
428 J Street, Suite 280
Sacramento, CA 95814
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email: rkw@legalhelpers.com
*Attorney for Plaintiff*